UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARMEN PERAMAS, | CASE NO. 2:25-cv-1569-JNW |
| Plaintiff, | ORDER |
| v. | |
| JEREMY DAVY and KAREN DAVY, | |
| Defendants. | |

Pro se Plaintiff Carmen Peramas files this action in forma pauperis ("IFP"), suing Covington police deputies Jeremy Davy and Karen Davey under 42 U.S.C. § 1983. Dkt. No. 6. Peramas's complaint centers on family court proceedings involving a protection order and child custody dispute, and she generally alleges the defendants improperly interfered with or influenced these proceedings. Dkt. No. 6 at 7. For reasons discussed below, Peramas's complaint fails to state a claim on which relief may be granted and is DISMISSED.

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a

ORDER - 1

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing complaints under § 1915(e)(2)(B), courts necessarily consider *only* the operative complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding that an amended complaint supersedes the original and renders the original of no legal effect).

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). But even so, the duties imposed on district courts by Section 1915(e) are unwavering, and when an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed.

Even construing Peramas's complaint liberally, the Court finds that her complaint suffers from several fundamental defects. To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law deprived them of rights secured by the Constitution or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (explaining 42 U.S.C. § 1983 is "procedural

device for enforcing substantive provisions of the Constitution and federal statutes"). Although Peramas alleges that Karen Davy helped obtain an "unlawful protection order" and that she "intercepted" court documents, these conclusory allegations fail to identify any constitutional right that was violated or explain how the defendants' alleged conduct caused a deprivation of such rights. Dkt. No. 6 at 7.

And much of the complaint consists of assertions that the defendants were improperly "siding with" other parties rather than describing concrete acts that caused legally cognizable harm to Peramas. Dkt. No. 6 at 12. The complaint's focus on family court proceedings and protection orders does not transform the defendants' alleged involvement into a constitutional violation. Without factual allegations connecting the defendants' specific conduct to a deprivation of constitutional rights, the complaint fails to state a plausible claim for relief under Section 1983.

Thus, the Court DISMISSES the complaint WITHOUT prejudice. However, the Court GRANTS Peramas leave to file an amended complaint that sufficiently pleads facts stating a plausible claim for relief within FOURTEEN (14) days of this order. *See Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (district courts "ordinarily must grant leave to amend when [they] dismiss[ ] claims under Rule 12(b)(6)"). If Peramas fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Dated this 15th day of September, 2025.

_____
Jamal N. Whitehead
United States District Judge

ORDER - 4