1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

CARMEN PERAMAS,

CASE NO. 2:25-cv-1569-JNW

8
                    Plaintiff,

DISMISSAL ORDER

9
10
          v.

11
JEREMY DAVY and KAREN DAVY,

12
                    Defendants.

13

14          The matter comes before the Court of its own accord. Pro se Plaintiff Carmen

15   Peramas, proceeding in forma pauperis (IFP), alleges that Covington police deputies

16   Jeremy Davy and Karen Davy violated her constitutional rights when they arrested

17   her for violating a protective order. The Court previously dismissed Peramas's

18   complaint for, among other things, failing to provide "factual allegations connecting

19   the defendants' specific conduct to a deprivation of constitutional rights." Dkt. No.

20   9. Peramas timely filed her first amended complaint (FAC). Dkt. No. 10. But for the

21   reasons discussed below, Peramas's amended complaint again fails to state a claim,

22   and is therefore DISMISSED WITH PREJUDICE.

23

1       When a plaintiff proceeds in forma pauperis, the court must dismiss the

2  action if the court determines the action is frivolous or malicious, fails to state a

3  claim on which relief may be granted, or seeks monetary relief against a defendant

4  who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When reviewing

5  complaints under § 1915(e)(2)(B), courts necessarily consider *only* the operative

6  complaint. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (holding

7  that an amended complaint supersedes the original and renders the original of no

8  legal effect).

9       Under the Federal Rules of Civil Procedure, "[p]leadings must be construed

10  so as to do justice." Fed. R. Civ. P. 8(e). Thus, a "document filed pro se is to be

11  liberally construed and a pro se complaint, however inartfully pleaded, must be held

12  to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

13  *Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro

14  se complaint without leave to amend unless 'it is absolutely clear that the

15  deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*,

16  791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th

17  Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per

18  curiam))). But even so, the duties imposed on district courts by Section 1915(e) are

19  unwavering, and when the court determines that a complaint filed by an IFP

20  plaintiff is frivolous, malicious, or fails to state a claim, the action *must* be

21  dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

22       The FAC generally alleges that on August 27, 2022, Peramas contacted the

23  Covington Police Department to report "severe" abuse of an unidentified child by

the child's custodial parent. Dkt. No. 10 at 3. Rather than investigate Peramas's report, Defendant Deputies Jeremy and Karen Davy arrested her for violating a protective order held by the custodial parent. *Id.* Peramas spent "three whole days" in jail before being released. *Id.* at 5. She generally alleges that Defendants violated her constitutional rights by "misusing" the protective order, which she claims was "obtained unlawfully." *Id.* at 5–6.

Peramas states in a conclusory fashion that her constitutional claims stem from an "unlawful" protective order. But the FAC contains no concrete allegations as to *why* the protective order was unlawful, *what* misrepresentations resulted in the order's issuance, *how* Defendants relied on the protective order, and what attempts, if any, Peramas has made to contest the validity of the state court order in the state court system. Furthermore, by August 27, 2022, Peramas was subject to two protective orders—20-2-15362-1SEA and 22-2-04603-1KNT—but she fails to adequately allege *which* protective order she claims was unlawfully obtained. Dkt. No. 11.[1] In sum, the FAC again relies on conclusory allegations which, without more, are insufficient to state a claim upon which relief may be granted.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend before dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, "dismissal without leave to amend is proper

---

[1] The Court had placed this document under seal for containing personal identifying information and instructed Peramas to file redacted version of the document. She failed to do so. Any discussion of this document will be limited to ensure that the protected information is not inadvertently released to the public.

if it is clear that the complaint could not be saved by amendment." *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 623 (9th Cir. 2023). Courts have "'particularly broad' discretion to deny leave to amend when the plaintiff has already had a chance to amend[.]" *Id.* (quoting *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013)).

Peramas has had multiple chances to properly frame her complaint. Further amendment would be futile given her repeated inability to articulate the basis for her federal allegations. Accordingly, the Court DISMISSES this action WITH PREJUDICE.

Dated this 17th day of December, 2025.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 4